Exhibit "A"

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**DISCIPLINARY REPORT**

INSTITUTION: LSP

| 1. Name of Offender | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Albert Grayer | 389690 | 8/7/18 | 10:15am |

| 5. Place of Incident | 6. Job Assignment (Offender) | 7. Housing Assignment (Offender) |
|---|---|---|
| Tiger I Right | ext LLD | Tiger I Right Cell #5 |

| 8. Rule Violated | Rule Number |
|---|---|
| property destruction defiance agg disobedience | 3, 5, 17 |

**10. Description of Incident** (include all relevant information -- unusual offender behavior, staff witnesses, physical evidence & disposition, immediate action including use of force"; use other side, if necessary)

On the above date and approximate time I, Sgt Doss, observed offender Albert Grayer, doc# throwing his light bulb and light fixture out of his cell while I was walking up Tiger I Right tier. I, Sgt Doss then gave offender Grayer a direct verbal order to stop throwing stuff out of his cell. he refused all orders given. Capt Manchester was notified

**11. Offender Placed in Adm. Seg.** ☑ Yes ☑ No

| 12. Signature of reporting employee | 13. Name, Title, Assignment (Print) |
|---|---|
| Doss | Doss, Sgt, Tiger |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above offender by: | 17. Offender's Signature: |
|---|---|---|---|
| 8/7/18 | 11:28 Am | | refused |

**18. Plea by Offender:** ☐ Not Guilty ☑ Guilty    **19. Verdict:** ☐ Not Guilty ☑ Guilty

| 20. Date of Hearing: | 21. Counsel Substitute: DOC# |
|---|---|
| 8-9-18, 8/13/18 | ED 380958 |

**22. Motions:** Defer next court date, on trip.

**23. Reasons for Disposition:**
- ☑ Report is clear and precise.
- ☐ Lack of a credible defense/little or no defense.
- ☐ Based on his statement.
- ☐ The officer's version is determined to be more credible than the offender's.
- ☑ Pled guilty/accepted guilty plea.
- ☐ Only defense is denying contents of report.
- ☑ The offender presented no evidence to refute the charges.
- ☐ The investigative officer's testimony was deemed more truthful and accurate than the offender's.
- ☑ Plea bargain.
- ☐ The offender's demeanor led the board to believe that the offender's testimony was untrue.
- ☐ Other _____

**24. Reasons for Sentence:**
- ☑ Seriousness of offense.
- ☑ The need to protect the institution, employees, or other.
- ☐ Poor Conduct record. A total of _____ rule violation(s) A total of _____ Schedule B violations since _____.
- A total of _____ # _____ rule violations since _____
- ☐ Other Restitution for light fixture/light Bulb

**25. Sentence:** (12) weeks loss of Canteen priv    Suspended ☐ _____ Days    Imposed ☑

**26. Sentence:** (12) weeks loss of telephone priv    Suspended ☐ _____ Days    Imposed ☑

**27. DISCIPLINARY BOARD:**
Cost may be imposed for any property loss, damage, or medical expense occasioned through the fault of an offender who in so causing the loss, damage, or medical expenses also is found guilty through the disciplinary process of violating one or more of the rules set out in the Disciplinary Rules and Procedures for Adult Offenders.

CHAIRMAN (DISCIPLINARY OFFICER)

MEMBER Williams

Exhibit "A" Pg 1



LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT
INSTITUTION: L.S.P. ANGOLA

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Albert Grayer | 528337  389690 | August 5, 2018 | Approx. 11:00 am |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| Camp C, Tiger 1Right #5 | Idle | Camp C, Tiger 1Right #5 |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| Aggravated Disobedience | #5 |

10. Description of Incident (Include all relevant information – "unusual offender behavior, staff witnesses, physical evidence & disposition, immediate action including use of force"; use other side if necessary).

On the above date and approximate time, I, Major Peter Lollis gave Offender Albert Grayer # 389690 a direct verbal order to come to the bars to be restrained. Offender Grayer refused to come to the bars to be restrained and stated "Man do what you got to do and throw the light bulb out the cell." I then activated the body camera and gave Offender Grayer several more direct verbal orders to come to the bars to be restrained and Offender Grayer continued to refuse all orders given. I then administered the minimum amount of chemical agent into his cell in an attempt to gain his compliance. Afterwards, Offender Grayer complied with all orders given and came to the bars to be restrained. Offender Grayer was restrained and removed from his cell. Offender Grayer was then given a shower, a clean jumpsuit, and was seen by medical personnel. Offender Grayer was then placed in administrative segregation. At the beginning of this incident, the chemical agent can weighed 136 grams. At the end of this incident, the chemical agent can weighed 128 grams.

| 11. Inmate Placed in Admin. Seg. | X | YES | | NO |
|---|---|---|---|---|

| 12. Signature of reporting employee | 13. Name, Title, Assignment (Print) |
|---|---|
| | David Voorhies, Major Camp C, B-Team Supervisor |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to the above inmate by: | 17. Inmate's Signature: |
|---|---|---|---|
| August 7, 2018 | 12:31pm | | Refuse to sign |

| 18. Plea by Inmate: | Not Guilty | Guilty | 19. Verdict: | Not Guilty | Guilty |
|---|---|---|---|---|---|

| 20. Date of Hearing: 8-9-18, 8/13/18 | 21. Counsel Substitute: ED DOC#: 380958 |
|---|---|

22. Motions: Defer next court date, on trip. / Dismiss Based on Contents of Report Based on Contents of Rpt A

23. Reasons for Disposition:
[ ] Report is clear and precise.    [ ] Lack of a credible defense/little or no defense.    [ ] Based on his statement Rpt A
[ ] The officer's version is determined to be more credible than the inmate's.    [ ] Pled guilty/accepted guilty plea.
[ ] Only defense is denying contents of report..    [ ] The inmate presented no evidence to refute the charges.
[ ] The Investigative officer's testimony was deemed more truthful and accurate than the inmate's.    [ ] Plea bargain
[ ] The inmate's demeanor led the board to believe that the inmate's testimony was untrue.
[ ] Other_____

24. Reasons for Sentence:
[ ] Seriousness of offense.    [ ] The need to protect the institution, employee, or other.
[ ] Poor Conduct record. A total of _____ rule violation(s). A total of _____ Schedule B violations since_____
       A total of _____ # _____ rule violations since_____

[ ] Other_____

25. Sentence: Dismiss Rpr    Suspended [ ] _____ Days    Imposed [ 5 ] _____

26. Sentence: _____    Suspended [ ] _____ Days    Imposed [ ] _____

27. DISCIPLINARY BOARD:
Cost may be imposed for any property loss, damage, or medical expense occasioned through the fault of an inmate who in so causing the loss, damage, or medical expenses also is found guilty through the disciplinary process of violating one or more of the rules set out in the Disciplinary Rules and Procedures for Adult Inmates.

CHAIRMAN (DISCIPLINARY OFFICER )

MEMBER

Exhibit "A" pg 3

Exhibit "B"

CASE NUMBER: LSP-2018-1919

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: <u>GRAYER, ALBERT 389690</u>   CBD U/R
               Living Quarters

Response to request dated , received in this office on 08/29/2018

This request for remedy was received, logged, and set aside until today because you had other requests in the system at the time it was received. Your request for remedy was handled in this manner pursuant to the Administrative Remedy Procedure.

In your letter of complaint dated August 28, 2018, while housed at Camp C, you state on August 7, 2018, Major Voorhies maliciously sprayed you with chemical agent to cause you harm. Captain Manchester stated you had torn down the light fixture from your cell wall. You continued to be disruptive and cursing. Captain Manchester stated chemical agent was utilized. You were given a shower, a clean jumpsuit, and your cell was decontaminated before placing you back into it. Captain Manchester stated at no time was he unprofessional during this incident. Major Voorhies stated on August 7, 2018, he did not administer chemical agent into your cell, as you claim. Institutional records reflect you were issued a Disciplinary Report on August 7, 2018. On August 13, 2018, you appeared before the Disciplinary Board where you pled guilty, and you were sentenced accordingly. It is your own poor conduct that resulted in chemical agent being administered into your cell. Captain Coleman is no longer employed at this institution, so a statement cannot be obtained at this time. No evidence is found to support your allegations. Your request for Administrative Remedy is denied.

Prepared by: _____
    Shannon Demars/AWII/adb

Approved by: _____
    James Cruze/AWIII/cm

    _____
       Date

             _____
             Joseph F.G. Lamartiniere
             Deputy Warden
             Unit Head

<u>Instructions to Offender:</u> If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓) I am not satisfied with this response and wish to proceed to Step Two.

Reason: Officers may reasonably use force in a good-faith effort to maintain or restore discipline but not use it maliciously, sadistically to cause harm. On Aug 7, 2018 Major Voorhies abused his authority by maliciously, sadis- (See cont)

*Exhibit "B" pg 1*

tically Spraying Offender

11-23-2018
_____
Date

Albert Grayer #389690
_____
Offender's Signature    DOC#

Grayer with Chemical Agent. A review of the enclosed documents/exhibits it clearly shows that on Aug 7. 2018 at 10:15 Offender broke the light fixture & threw it out his Cell. Approx 45 minutes ~~before~~ after the incident had subsided Major David Voorhies Sprayed him with Agent. So Voorhies statement saying he did not spray Offender with Chemical Agent is without merit as it is seen within the enclosed documents. Afterwards Offender Contends he was seen by medical while in the Shower & than placed back in the maced filled Cell by Cpl. Manchester refusing to provide him with the necessary material to decontamite it.

Exhibit ("13" pg 2

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CORRECTIONS SERVICES

### CASE NUMBER: LSP-2018-1919

### SECOND STEP RESPONSE FORM
### (HEADQUARTERS)

TO: <u>GRAYER, ALBERT   389690</u>          <u>LSP</u>
Offender Name and Number                    Living Unit

Response to Request Dated 11/23/2018, Received in this Office on 12/03/2018:

Your request for an Administrative review of ARP# LSP-2018-1919 has been received.  A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.

In your grievance you state on 7th day of August, 2018, Major Voorhies and Capt. Manchester violated your 8th Amendment Right when they sprayed you with chemical agent.  Your claim has no merit.  Per the UOR dated 8/07/18 and the statements from ranking security staff, it was Major Lollis who had administered the minimum amount of chemical agent into your cell due to your refusal to follow several verbal orders given to come to the bars to be restrained.  All pertinent documentation surrounding said date of incident, including the unusual occurrence report, statements provided by the security staff and your medical records have been reviewed.  None of the documents reviewed support your allegations.  Through your own actions, staff was forced to use only the amount of force necessary to bring you into compliance with the verbal orders issued to you by staff.  You have failed to provide any evidence to substantiate your allegations or that would cause us to believe otherwise.  This office concurs with staff's findings on this matter.  As such, no further investigation or administrative intervention warranted.

Your request for Administrative Remedy is denied.

_____12/30/'18_____          _____
                    Date                                    Secretary's Signature or His Designee

Exhibit "B" pg 3